Alexander Taylor, Bar No. 332334
**RD LAW GROUP LLP**
707 Wilshire Blvd., 53rd Floor
Los Angeles, CA 90017
Telephone: (424) 600-8016
Facsimile: (424) 535-1500
Email: altaylor@rdlawgroup.com

Attorneys for Plaintiff, RICKY VILLEGAS

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICKY VILLEGAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**1. INTERFERENCE WITH FMLA RIGHTS, 29 U.S.C. §§ 2601 ET SEQ.;**<br>**2. RETALIATION UNDER THE FMLA, 29 U.S.C. §§ 2601 ET SEQ.;**<br>**3. DISABILITY DISCRIMINATION UNDER THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, CAL. GOV'T CODE §§ 12900 ET SEQ.;**<br>**4. RETALIATION UNDER THE FEHA, CAL. GOV'T CODE §§ 12900 ET SEQ.;**<br>**5. FAILURE TO PROVIDE REASONABLE ACCOMMODATION UNDER THE FEHA;**<br>**6. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS UNDER THE FEHA;**<br>**7. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br>**8. FAILURE TO PROVIDE REST PERIODS (CAL. LABOR CODE § 226.7);**<br>**9. FAILURE TO PROVIDE MEAL PERIODS (CAL. LABOR CODE §§ 512, 226.7);**<br>**10. WAITING TIME PENALTIES (CAL. LABOR CODE §§ 201-203); AND**<br>**11. DECLARATORY JUDGMENT**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMES NOW PLAINTIFF, **RICKY VILLEGAS**, and for claims for relief against Defendants and each of them, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiff asserts claims arising under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* (*"FMLA"*). This Court has supplemental jurisdiction over Plaintiff's state law claims arising under the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12900 *et seq.* (*"FEHA"*), and California law generally, pursuant to 28 U.S.C. § 1367, because those claims arise from the same case or controversy as Plaintiff's federal FMLA claims.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this action occurred in this district, and because Defendant TARGET CORPORATION regularly conducts business in this district.

3. Plaintiff has exhausted his administrative remedies as to his FEHA claims. Plaintiff timely filed a charge of discrimination with the California Civil Rights Department (*"CRD"*) on (INSERT DATE). Plaintiff timely files this action within one (1) year of receipt of his Right-to-Sue notice from the CRD.

## THE PARTIES

4. Plaintiff RICKY VILLEGAS (*"Plaintiff"*) is an individual who, at all times relevant to this action, resided in the County of Santa Clara, California, and was employed by Defendant TARGET CORPORATION at its retail location at 2004 El Camino Real, Santa Clara, California 95050.

5. Defendant TARGET CORPORATION (*"TARGET"*) is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in Minneapolis, Minnesota. At all times relevant hereto, TARGET operated a retail establishment at 2004 El Camino Real, Santa Clara, California 95050, where Plaintiff was employed. TARGET regularly employs five (5) or more employees and is therefore subject to the FEHA. TARGET employs fifty (50) or more

employees within seventy-five (75) miles of Plaintiff's worksite and is therefore a covered employer under the FMLA.

6. Plaintiff is informed and believes, and thereon alleges, that TARGET was Plaintiff's *employer* within the meaning of Cal. Gov't Code § 12926(d) (FEHA) and 29 U.S.C. § 2611(4) (FMLA).

7. Plaintiff is informed and believes, and thereon alleges, that TARGET was Plaintiff's employer within the meaning of the California Labor Code.

8. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1 through 20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this Complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each fictitiously named Defendant is responsible for the wrongful acts alleged herein.

9. TARGET and DOES 1 through 20 are collectively referred to herein as *"Defendants."*

10. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or joint venturers of the other Defendants, and in doing the things alleged herein, were acting within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture.

## ALTER EGO, AGENCY, AND JOINT EMPLOYER

11. Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between TARGET and DOES 1 through 20 that the individuality and separateness of Defendants have ceased to exist. TARGET is completely dominated and controlled by DOES 1 through 20; TARGET and DOES 1 through 20 derive actual and significant monetary benefits from TARGET's unlawful conduct; and the business affairs of TARGET and DOES 1 through 20 are so mixed and intermingled that the same cannot reasonably be segregated.

12. Accordingly, TARGET and DOES 1 through 20 constitute the alter egos of one another, and the fiction of their separate corporate existence must be disregarded.

13. TARGET and DOES 1 through 20 are Plaintiff's joint employers by virtue of a joint enterprise and integrated enterprise, with interrelated operations, centralized control of labor relations, common management, and common ownership or financial control. Plaintiff performed services for and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly.

## FACTUAL ALLEGATIONS

14. In or around 2022, Plaintiff began working for TARGET as a Front End Team Leader at its retail location at 2004 El Camino Real, Santa Clara, California 95050. Plaintiff earned $28.51 per hour and was paid on a biweekly basis.

15. Plaintiff was a loyal and devoted employee of TARGET, and his work performance was exemplary. Plaintiff fulfilled, and substantially performed, all his job duties and all the terms and conditions of his employment. In his role as a Front End Team Leader, Plaintiff was responsible for helping run the store's front-end operations, including overseeing the registers.

16. During his employment, Defendants required Plaintiff to perform the work of multiple employees. Plaintiff was regularly required to perform workloads far exceeding what a single employee could reasonably manage, effectively requiring him to carry the responsibilities of two people simultaneously. This excessive and unreasonable workload caused Plaintiff significant and ongoing workplace stress.

17. In or around April 2025, while at work, Plaintiff suddenly and unexpectedly lost his vision. Plaintiff immediately sought emergency medical treatment. Although emergency room doctors ran scans and reported that nothing appeared structurally wrong, Plaintiff's primary care physician subsequently evaluated Plaintiff's condition and directed that Plaintiff needed to be out of work for two weeks.

18. The physician issued a written note to that effect, which Plaintiff promptly submitted to TARGET's human resources department and to TARGET's Pay and Benefits department.

19. In compliance with his doctor's instructions, Plaintiff went on a medical leave of absence, during which he was placed on bedrest. Plaintiff's medical condition continued to deteriorate during the leave: he suffered recurring and severe migraine headaches, which subsequently progressed into episodes of vertigo. Plaintiff's physicians placed him on new medication to address these symptoms.

20. Plaintiff's medical conditions — including sudden vision loss, recurring migraines, and vertigo — constitute physical disabilities and/or medical conditions that limit one or more major life activities within the meaning of Cal. Gov't Code §§ 12926(m), 12926.1, and constitute a *"serious health condition"* within the meaning of 29 U.S.C. § 2611(11). TARGET had actual knowledge of Plaintiff's disability and serious health condition through receipt of Plaintiff's physician's note.

21. Despite Plaintiff's timely submission of his physician's note requesting a two-week medical leave, Defendants failed to engage in any good faith interactive process with Plaintiff regarding his need for accommodation or leave. Defendants did not provide Plaintiff with FMLA paperwork, did not notify Plaintiff of his FMLA rights, and did not designate his leave as FMLA-protected leave, as required by 29 C.F.R. § 825.300.

22. During Plaintiff's medical leave, Defendants informed Plaintiff that his pay and benefits had been cut. On or about May 1, 2025, Defendants terminated Plaintiff's employment. Defendants' stated reason for terminating Plaintiff was lack of attendance and performance issues. These stated reasons were pretextual. Plaintiff had been on medically necessary leave authorized by his physician, and the termination occurred while Plaintiff was actively exercising his right to take leave for a serious medical condition.

23. Defendants' decision to terminate Plaintiff's employment was motivated by his disability, his real or perceived medical condition, and his exercise of his rights to take medical leave and seek accommodation. Plaintiff's supervisor, Hannah, carried out the termination.

24. Prior to and during his employment, Defendants engaged in a systematic practice of failing to provide Plaintiff with legally required rest periods and meal periods. Plaintiff regularly worked

shifts of eight hours. Throughout his employment, Defendants failed to authorize and permit Plaintiff to take his legally mandated rest breaks at least three times per week. Although Plaintiff was generally permitted to begin a meal period, Defendants interrupted Plaintiff's meal breaks at least twice per week, depriving him of his right to an uninterrupted, off-duty meal period.

25. Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants' officers and/or managing agents, including Hannah and DOES 1 through 20.

26. As a result of Defendants' actions, Plaintiff has suffered, and will continue to suffer, general and special damages, including emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses and expenses for psychological counseling and treatment.

27. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, and benefits.

28. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, cruel, and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage him, Plaintiff requests that punitive damages be levied against Defendants, pursuant to California Civil Code § 3294.

## **CLAIMS FOR RELIEF**

### **FIRST CLAIM FOR RELIEF**

### **INTERFERENCE WITH FMLA RIGHTS**

### **29 U.S.C. §§ 2601 ET SEQ.**

### **BY PLAINTIFF**

### **AGAINST TARGET AND DOES 1 THROUGH 20, INCLUSIVE**

29. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set forth herein.

30. At all times relevant hereto, the FMLA, 29 U.S.C. §§ 2601 et seq., was in full force and effect and was binding upon Defendants. The FMLA prohibits employers from interfering with, restraining, or denying the exercise of any right provided under the FMLA. 29 U.S.C. § 2615(a)(1).

31. At all times relevant hereto, Plaintiff was an *"eligible employee"* within the meaning of 29 U.S.C. § 2611(2). Plaintiff had been employed by TARGET since 2022, working eight-hour shifts on a regular weekly basis, and had worked at least 1,250 hours during the preceding twelve (12) months. TARGET employs fifty (50) or more employees within seventy-five (75) miles of Plaintiff's worksite.

32. Plaintiff's serious medical conditions — including sudden vision loss, recurring migraines, and vertigo requiring ongoing physician care and medication — constitute a *"serious health condition"* within the meaning of 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.113.

33. Plaintiff provided adequate notice of his need for FMLA-qualifying leave by submitting his physician's note to TARGET's human resources department and Pay and Benefits department, thereby triggering TARGET's obligation to provide FMLA paperwork and designate the leave as FMLA-protected. See 29 C.F.R. §§ 825.300, 825.301.

34. Defendants violated the FMLA by interfering with Plaintiff's FMLA rights by: (a) failing to provide required FMLA paperwork; (b) failing to notify Plaintiff of his FMLA rights; (c) failing to designate Plaintiff's leave as FMLA-protected; (d) cutting Plaintiff's pay and benefits while he was on medical leave; and (e) terminating Plaintiff's employment on or about May 1, 2025, while he was on a medically authorized leave of absence.

35. As a direct and proximate result of Defendants' interference with Plaintiff's FMLA rights, Plaintiff suffered damages, including lost wages and lost benefits. Plaintiff is entitled to damages, liquidated damages, equitable relief, reasonable attorneys' fees, and costs pursuant to 29 U.S.C. § 2617.

///

///

///

**SECOND CLAIM FOR RELIEF**

**RETALIATION UNDER THE FMLA**

**29 U.S.C. §§ 2601 ET SEQ.**

**BY PLAINTIFF**

**AGAINST TARGET AND DOES 1 THROUGH 20, INCLUSIVE**

36. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set forth herein.

37. The FMLA prohibits employers from discharging or in any other manner discriminating against any individual for opposing any practice made unlawful by the FMLA, or for exercising rights provided under the FMLA. 29 U.S.C. § 2615(a)(2).

38. Plaintiff engaged in protected activity under the FMLA by requesting and taking FMLA-qualifying medical leave.

39. Defendants retaliated against Plaintiff for exercising his FMLA rights by cutting his pay and benefits and terminating his employment on or about May 1, 2025. Plaintiff's exercise of FMLA rights was a but-for cause and/or motivating factor in Defendants' adverse employment actions.

40. As a direct and proximate result of Defendants' retaliation, Plaintiff suffered damages, and is entitled to damages, liquidated damages, equitable relief, reasonable attorneys' fees, and costs pursuant to 29 U.S.C. § 2617.

**THIRD CLAIM FOR RELIEF**

**DISABILITY DISCRIMINATION UNDER THE**

**CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, CAL. GOV'T CODE §§ 12900 ET SEQ.**

**BY PLAINTIFF**

**AGAINST TARGET AND DOES 1 THROUGH 20, INCLUSIVE**

41. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set forth herein.

42. At all times relevant hereto, the FEHA, Cal. Gov't Code §§ 12900 et seq., was in full force and effect and was binding upon Defendants and each of them.

43. The FEHA prohibits employers from discriminating against an employee on the basis of physical disability, mental disability, or medical condition in regard to the terms, conditions, and privileges of employment. Cal. Gov't Code § 12940(a).

44. Plaintiff had a *"physical disability"* and/or *"medical condition"* within the meaning of Cal. Gov't Code §§ 12926(m), 12926.1, as he has physical impairments — including sudden vision loss, recurring migraines, and vertigo — that limit one or more major life activities.

45. At all times relevant hereto, Plaintiff was performing competently in the position he held with Defendants and was qualified to perform the essential functions of his position with or without reasonable accommodation.

46. Plaintiff suffered adverse employment actions — including the cutting of his pay and benefits during his protected medical leave, and his termination on or about May 1, 2025 — and was harmed thereby. Plaintiff's disability was a substantial motivating reason for these adverse employment actions.

47. Defendants' conduct constitutes unlawful disability discrimination in violation of the FEHA, Cal. Gov't Code § 12940(a), and was a proximate cause of Plaintiff's damages as stated above.

48. Defendants' conduct was intentional, malicious, and/or in reckless disregard of Plaintiff's rights protected by the FEHA, entitling Plaintiff to compensatory and punitive damages pursuant to California Civil Code § 3294.

49. Plaintiff is entitled to reasonable attorneys' fees and costs pursuant to Cal. Gov't Code § 12965.

///

///

///

**FOURTH CLAIM FOR RELIEF**

**RETALIATION UNDER THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

**CAL. GOV'T CODE §§ 12900 ET SEQ.**

**BY PLAINTIFF**

**AGAINST TARGET AND DOES 1 THROUGH 20, INCLUSIVE**

50. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set forth herein.

51. The FEHA prohibits employers from retaliating against any employee because such employee has opposed any practice made unlawful by the FEHA, or because such employee has filed a complaint, testified, or assisted in any proceeding under the FEHA. Cal. Gov't Code § 12940(h).

52. Plaintiff engaged in protected activities under the FEHA, including requesting medical leave for his disability and medical condition, and seeking accommodation from Defendants.

53. Defendants retaliated against Plaintiff for engaging in protected activity by cutting his pay and benefits and terminating his employment on or about May 1, 2025. Plaintiff's protected activity was a substantial motivating reason for Defendants' adverse employment actions.

54. Defendants' conduct constitutes unlawful retaliation in violation of Cal. Gov't Code § 12940(h) and was a proximate cause of Plaintiff's damages as stated above.

55. Defendants' conduct was intentional, malicious, and/or in reckless disregard of Plaintiff's rights protected by the FEHA, entitling Plaintiff to compensatory and punitive damages pursuant to California Civil Code § 3294.

56. Plaintiff is entitled to reasonable attorneys' fees and costs pursuant to Cal. Gov't Code § 12965.

///

///

///

///

**FIFTH CLAIM FOR RELIEF**

**FAILURE TO PROVIDE REASONABLE ACCOMMODATION UNDER THE FEHA**

**CAL. GOV'T CODE §§ 12900 ET SEQ.**

**BY PLAINTIFF**

**AGAINST TARGET AND DOES 1 THROUGH 20, INCLUSIVE**

57. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set forth herein.

58. The FEHA requires employers to make reasonable accommodation for the known physical or mental disability of an employee, unless the employer demonstrates that the accommodation would produce undue hardship. Cal. Gov't Code § 12940(m)(1).

59. Defendants had actual knowledge of Plaintiff's disability and physical limitations through receipt of Plaintiff's physician's note. The provision of a two-week medical leave as directed by Plaintiff's physician constituted a reasonable accommodation that would not have imposed an undue hardship on Defendants.

60. Plaintiff was willing and able to perform the duties and functions of his position with reasonable accommodations. Despite this, Defendants failed and refused to accommodate Plaintiff's disability and medical condition, failed to engage in the interactive process, and terminated Plaintiff's employment while he was on his doctor-authorized leave, in violation of Cal. Gov't Code § 12940(m)(1).

61. Defendants' conduct was intentional, malicious, and/or in reckless disregard of Plaintiff's rights protected by the FEHA, entitling Plaintiff to compensatory and punitive damages pursuant to California Civil Code § 3294.

62. Plaintiff is entitled to reasonable attorneys' fees and costs pursuant to Cal. Gov't Code § 12965.

///

///

**SIXTH CLAIM FOR RELIEF**

**FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS UNDER THE FEHA**

**CAL. GOV'T CODE §§ 12900 ET SEQ.**

**BY PLAINTIFF**

**AGAINST TARGET AND DOES 1 THROUGH 20, INCLUSIVE**

63. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set forth herein.

64. The FEHA imposes a duty on employers to engage in a timely, good faith, interactive process with an employee known to have a disability to determine effective reasonable accommodations. Cal. Gov't Code § 12940(n).

65. Plaintiff submitted his physician's note requesting medical leave to Defendants' human resources department and to Target Pay and Benefits, thereby giving Defendants actual notice of his disability and triggering their obligation to engage in the interactive process with Plaintiff.

66. Defendants failed and refused to engage in any interactive process with Plaintiff, instead cutting Plaintiff's pay and benefits and terminating his employment while he remained on his doctor-authorized leave.

67. Defendants' failure to engage in the interactive process constitutes a violation of the FEHA, Cal. Gov't Code § 12940(n), and was a proximate cause of Plaintiff's damages. Plaintiff is entitled to compensatory and punitive damages pursuant to California Civil Code § 3294, as well as attorneys' fees and costs pursuant to Cal. Gov't Code § 12965.

**SEVENTH CLAIM FOR RELIEF**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**BY PLAINTIFF**

**AGAINST TARGET AND DOES 1 THROUGH 20, INCLUSIVE**

68. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set forth herein.

69. At all relevant times, it was a fundamental public policy of both federal law (the ADA and FMLA) and California law (including the FEHA, Cal. Gov't Code §§ 12940 et seq., and the CFRA, Cal. Gov't Code §§ 12945.2 et seq.) that employers may not terminate employees because of their disability, medical condition, or exercise of the right to take protected medical leave.

70. Defendants terminated Plaintiff's employment in violation of these fundamental public policies. Plaintiff's real or perceived disability, real or perceived medical condition, engagement in protected activity, and/or some combination thereof were substantial motivating factors in Defendants' decision to terminate Plaintiff's employment.

71. Such wrongful termination was a proximate cause of Plaintiff's damages, including lost wages, lost benefits, and emotional distress.

72. Defendants' conduct was intentional and in conscious disregard of Plaintiff's rights, entitling Plaintiff to punitive damages pursuant to California Civil Code § 3294.

**EIGHTH CLAIM FOR RELIEF**

**FAILURE TO PROVIDE REST PERIODS IN VIOLATION OF**

**CALIFORNIA LABOR CODE § 226.7**

**BY PLAINTIFF**

**AGAINST TARGET AND DOES 1 THROUGH 20, INCLUSIVE**

73. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set forth herein.

74. At all relevant times, California Labor Code § 226.7 and applicable IWC Wage Order provisions were in full force and effect and were binding upon Defendants, requiring employers to authorize and permit employees to take a ten-minute paid rest period for every four hours worked or major fraction thereof. California Labor Code § 226.7 provides that if an employer fails to provide an employee a rest period, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

75. During his employment with TARGET from in or around 2022 through on or about May 1, 2025, Plaintiff regularly worked eight-hour shifts. Based on this schedule, Plaintiff was entitled to two

paid ten-minute rest periods per shift. Despite this entitlement, Defendants had a policy and practice of failing to authorize and permit Plaintiff to take his legally mandated rest breaks. Plaintiff missed his rest breaks at least three times per week throughout his employment.

76. As a direct and proximate result of Defendants' violations of California Labor Code § 226.7, Plaintiff is entitled to recover one additional hour of pay at his regular rate of $28.51 per hour for each workday that a rest break was not provided, plus interest thereon at the legal rate, reasonable attorneys' fees, and costs of suit.

**NINTH CLAIM FOR RELIEF**

**FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF**

**CALIFORNIA LABOR CODE §§ 512, 226.7**

**BY PLAINTIFF**

**AGAINST TARGET AND DOES 1 THROUGH 20, INCLUSIVE**

77. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set forth herein.

78. At all relevant times, California Labor Code § 512 and § 226.7 were in full force and effect and were binding upon Defendants. California Labor Code § 512 requires employers to provide employees with a thirty-minute, uninterrupted, off-duty meal period when the employee works more than five hours in a day. California Labor Code § 226.7 provides that if an employer fails to provide an employee a compliant meal period, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

79. During Plaintiff's employment with TARGET, Plaintiff regularly worked eight-hour shifts entitling him to a thirty-minute uninterrupted meal period. Although Plaintiff was generally permitted to begin a meal period, Defendants regularly interrupted Plaintiff's meal periods at least twice per week throughout his employment, depriving him of the thirty-minute, uninterrupted, off-duty meal break to which he was legally entitled.

80. As a direct and proximate result of Defendants' violations of California Labor Code §§ 512 and 226.7, Plaintiff is entitled to recover one additional hour of pay at his regular rate of $28.51 per

hour for each workday that a compliant meal period was not provided, plus interest thereon at the legal rate, reasonable attorneys' fees, and costs of suit.

**TENTH CLAIM FOR RELIEF**

**WAITING TIME PENALTIES**

**CALIFORNIA LABOR CODE §§ 201-203**

**BY PLAINTIFF**

**AGAINST TARGET AND DOES 1 THROUGH 20, INCLUSIVE**

81. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set forth herein.

82. California Labor Code § 201 provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. California Labor Code § 203 provides that if an employer willfully fails to pay, without abatement or reduction, any wages of an employee who is discharged, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced, for a maximum of thirty (30) days.

83. On or about May 1, 2025, Defendants discharged Plaintiff. Upon his termination, all wages earned and unpaid, including but not limited to unpaid rest period premiums and meal period premiums as alleged herein, were immediately due and payable. Defendants willfully failed to pay Plaintiff all wages owed at the time of his termination, including earned meal period premiums and rest period premiums.

84. Pursuant to California Labor Code § 203, Plaintiff is entitled to recover from Defendants the statutory penalty for each day wages remained unpaid at his regular rate of pay of $28.51 per hour, for up to a maximum of thirty (30) days, plus all unpaid wages, interest, reasonable attorneys' fees, and costs of suit.

///

///

**ELEVENTH CLAIM FOR RELIEF**

**DECLARATORY JUDGMENT**

**28 U.S.C. §§ 2201-2202**

**BY PLAINTIFF**

**AGAINST TARGET AND DOES 1 THROUGH 20, INCLUSIVE**

85. Plaintiff re-alleges and incorporates by reference all the foregoing paragraphs of this Complaint, as though set forth in full herein.

86. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties under federal and California law, including whether Defendants discriminated and retaliated against Plaintiff on the basis of his disability and exercise of protected rights, and whether Defendants wrongfully terminated his employment. Plaintiff is informed and believes that Defendants dispute Plaintiff's contentions.

87. Pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57, Plaintiff desires a judicial determination of Plaintiff’s rights and duties, and a declaration that: (a) Defendants’ conduct constituted unlawful disability discrimination and retaliation in violation of the FEHA; (b) Defendants’ conduct constituted unlawful interference with and retaliation against Plaintiff’s FMLA rights; (c) Defendants’ termination of Plaintiff’s employment constituted wrongful termination in violation of public policy; and (d) Plaintiff’s disability, medical condition, and exercise of protected rights were substantial motivating factors in Defendants’ adverse employment actions.

88. A judicial declaration is necessary and appropriate at this time in order that Plaintiff obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices prospectively, and so that Defendants may be aware of their obligations under the law and refrain from engaging in discriminatory practices in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff RICKY VILLEGAS seeks judgment against TARGET and DOES 1 through 20, each of them, in an amount according to proof, as follows:

1. For compensatory damages, including lost wages, earnings, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages (including those for mental pain and anguish and emotional distress);
2. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;
3. For a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 affirming the illegality of Defendants' discriminatory employment policies and/or practices;
4. For injunctive relief barring Defendants' discriminatory employment policies and/or practices;
5. For punitive damages pursuant to California Civil Code § 3294 in an amount sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;
6. For liquidated damages under the FMLA, 29 U.S.C. § 2617;
7. For unpaid rest period premiums, meal period premiums, and waiting time penalties pursuant to California Labor Code §§ 201, 203, 226.7, and 512, in amounts to be determined at trial;
8. For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, the FMLA, the California Labor Code, and/or any other applicable authority;
9. For post-judgment interest; and
10. For any other relief that is just, proper, and herein pleaded.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff RICKY VILLEGAS hereby demands a trial by jury on all issues triable of right by a jury.

Dated: August 10, 2026

**RD LAW GROUP LLP**

By: _*/s/ Alexander Taylor*_ __________
Alexander Taylor, Esq.
Attorneys for Plaintiff
RICKY VILLEGAS